UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| V. MANE FILS, | Civil Action No. 2:17-2038 (KM) (MAH) |
| Plaintiff, | |
| -against- | **STIPULATED ORDER REGARDING THE INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION** |
| CENTROME, INC. D/B/A ADVANCED BIOTECH, | |
| Defendant. | |

In accordance with Fed. R. Evid. 502(d), Plaintiff V. Mane Fils SA and Defendant Centrome, Inc. d/b/a Advanced Biotech ("ABT"), by counsel, submit this Stipulated Order Regarding the Inadvertent Disclosure of Privileged Information in the above-captioned litigation ("the Litigation"), and the Court being fully advised as to the same, **it is HEREBY ORDERED**:

If a party or non-party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege, work product doctrine or any other legal privilege protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Inadvertently Disclosed Information or its related subject matter in this litigation or in any other court, tribunal or legal proceeding.

If, at any time prior to the conclusion of this action, the Disclosing Party discovers that it has disclosed Inadvertently Disclosed Information, it shall, as soon as practicable after learning that such information was inadvertently or mistakenly produced, notify all parties in writing of the inadvertent disclosure and identify all such Inadvertently Disclosed Information. Upon notice of a claim of inadvertent disclosure, the receiving party shall, within 10 business days, return,

destroy, or delete all copies of the Inadvertently Disclosed Information, and provide written confirmation to counsel that all such information has been returned, destroyed, or deleted.

Similarly, if, at any time prior to the conclusion of this action, the Receiving Party recognizes that it is in receipt of Inadvertently Disclosed Information, it shall, as soon as practicable after identifying the Inadvertently Disclosed Information, notify the producing party in writing about the inadvertent disclosure and identify all such Inadvertently Disclosed Information. Upon receipt of such notice, the producing party shall, within 10 business days, advise the receiving party in writing whether the privilege shall be asserted, and if the privilege is asserted, the receiving party shall, within 10 business days, return, destroy, or delete all copies of the Inadvertently Disclosed Information, and provide written confirmation to counsel that all such information has been returned, destroyed, or deleted.

Within 10 business days of receipt of written confirmation that such Inadvertently Disclosed Information has been returned, destroyed, or deleted, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information. Within 10 business days after receiving the Disclosing Party's privilege log, a party may notify the Disclosing Party in writing of an objection to the claim of privilege or protection with respect to the Inadvertently Disclosed Information. Within 10 business days of the receipt of such notification, the disclosing party and the objecting party shall meet and confer in an effort to resolve any disagreement concerning the Disclosing Party's privilege or work product claim. If, for whatever reason, the parties do not resolve their disagreement after conducting the mandatory meet and confer, the parties shall follow the Court's procedure for resolution of discovery disputes. Any party seeking to compel production of Inadvertently Disclosed Information shall not assert as a ground for compelling production the fact or circumstance of the inadvertent

production. The Disclosing Party bears the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Also, nothing in this Agreement shall limit the right to request an in camera review of the Inadvertently Disclosed Information.

Unless and until the receiving party formally objects to the privilege designation and the Court thereafter rules on the privileged or protected status of the Inadvertently Disclosed Information, the receiving party shall not use, disclose, or disseminate such information in any way (including, but not limited to, using the information at depositions or trial), and must take reasonable steps to retrieve any Inadvertently Disclosed Information that was disseminated by the receiving party prior to such notification. The Disclosing Party, however, must preserve the Inadvertently Disclosed Information until any challenge to its privilege claim is ultimately resolved.

This Stipulated Order does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the work-product doctrine or any other potentially applicable privilege or doctrine. This Order is also not intended to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any documents produced except to the extent specifically stated in this Order.

By entering this Order, a Party is not giving up its right to review its documents for privilege or any other reason, including to identify non-responsive documents, and the existence of this Order cannot be used to compel a party to produce documents without review.

**IT IS SO ORDERED.**

Dated: September 22, 2017

_____
Hon. Michael A. Hammer, U.S.M.J.

STIPULATED AND AGREED TO BY:

s/ J. Brugh Lower
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
jlower@gibbonslaw.com

Thad M. Barnes (*pro hac vice*)
David B. Owsley II (*pro hac vice*)
**STITES & HARBISON PLLC**
400 West Market Street, Suite 1800
Louisville, Kentucky 40202-3352
Tel: (502) 587-3400
Fax: (502) 587-6391
tbarnes@stites.com
dowsley@stites.com

*Attorneys for Plaintiff*
*V. Mane Fils*

s/ Martin Healy
Martin Healy
**SEDGWICK LLP**
101 Eisenhower Parkway, Suite 300
Roseland, New Jersey 07068
Tel: (973) 820-1126
Fax: (973) 242-8099
martin.healy@sedgwicklaw.com

*Attorneys for Defendant*
*Centrome, Inc. d/b/a Advanced Biotech*